# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

OLIVIA FLOYD,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.

Case No. 2:17-cv-13067
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This habeas case was filed by Petitioner Olivia Floyd under 28 U.S.C. § 2254. Petitioner was convicted of arson of an insured dwelling, Mich. Comp Laws § 750.76(1)(a), and second-degree arson, Mich. Comp Laws § 750.73(1), after a bench trial in the Wayne County Circuit Court. In 2014, Petitioner was sentenced to two concurrent terms of 4 years and 3 months to 20 years. She was released on parole on August 7, 2018 and her period of supervision is currently scheduled to end on August 7, 2019.[1]

---

[1] This Court takes judicial notice of the information provided by a search of the Michigan Department of Corrections Offender Tracking Information System website for information about the Petitioner. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

The petition raises four claims: (1) Petitioner was denied effective assistance of counsel when her attorney failed to ensure Petitioner was evaluated for competency to stand trial; (2) the trial court abused its discretion by withdrawing its previous order for a competency evaluation; (3) the trial court erroneously ordered Petitioner to pay restitution; and (4) the trial court erred in assessing court costs against Petitioner. Because review of Petitioner's competency claim is barred by her failure to preserve that claim in the trial court, and the Court finds she is not entitled to relief based on her remaining claims, the habeas petition is denied. The Court will also deny Petitioner a certificate of appealability but grant her permission to proceed on appeal in forma pauperis.

## BACKGROUND

Petitioner's underlying criminal case stems from two fires that occurred at 9197 Devonshire, in Detroit, Michigan in the early morning of June 6, 2013.[2] *See People v. Floyd*, 2015 WL 9488418, at *1 (Mich. Ct.

---

[2] A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

2

App. Dec. 29, 2015) (per curiam) (unpublished). Petitioner owned the home located at 9197 Devonshire and had been renting it to her mother, Rita Johnson, who "maintained rental or personal property insurance on the contents of the home through Allstate Insurance Company ("Allstate")." *Id.* That insurance policy covered losses or damage resulting from theft or fire. It had an effective date of May 2, 2013 and a $50,000 policy cap for each claim. *Id.*

At trial, the evidence showed Johnson had filed a claim with Allstate seeking reimbursement for damage purportedly caused by an earlier theft and by the June 6, 2013 fires. *Id.* at *5. Expert witnesses and fire personnel testified that "the stairway fire in the home was the result of arson given the odor of gasoline, the unusual burn pattern, and the absence of any mechanical or electrical explanation for the fire." *Id.* Similarly, evidence related to the second fire in the home's back bedroom "indicated a lack of any explanation for its origin other than an intentional setting." *Id.* Testimony at trial also established that the two fires were "separate and independent . . . due to the absence of any trail or indication to link the two events." *Id.* Moreover, personal items, such

3

as photographs, had been removed from the house just hours before the fires, creating a "red flag" for fire investigators. *Id.* At trial, there was "ample evidence" showing that Johnson had set the fires, and that Floyd was to some degree involved.

Following her conviction and sentencing, Petitioner appealed to the Michigan Court of Appeals, raising the following claims:

1. The trial court erred by failing to ensure Petitioner complied with its order referring her for a competency evaluation.

2. Trial counsel was ineffective for not obtaining an independent competency examination or persuading the trial court to secure Petitioner's adherence to its order for a competency examination.

3. The trial court abused its discretion by withdrawing the order for a competency evaluation.

4. The trial court erred by ordering Petitioner to pay $7,058.94 in restitution to Allstate for costs incurred in investigating the fires and insurance claim.

5. The assessment of $600 in court costs, part of Petitioner's sentence, should be vacated as those costs were imposed without statutory authority.

*See* ECF No. 8-17 PageID.1238–66. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion but

remanded the case for a reassessment of court costs. *Id*. Petitioner subsequently filed an application for leave to appeal her convictions to the Michigan Supreme Court. That application raised the same claims that were presented to the Michigan Court of Appeals. ECF No. 8-18 PageID.1301–51. The Michigan Supreme Court denied Petitioner's application for leave to appeal, explaining it was not persuaded that the questions presented should be reviewed by the Court. *People v. Floyd*, 885 N.W.2d 252 (Mich. 2016) (table). She now raises the same claims in her application for habeas relief under 28 U.S.C. § 2254. *See* ECF No. 1 PageID.5–12.

## STANDARD OF REVIEW

Section 2254(d) of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A federal court "shall not" grant a habeas petition filed by "a person in custody

5

pursuant to the judgment of a State court . . . with respect to any claim that was adjudicated on the merits in State court proceedings" unless one of two exceptions applies. 28 U.S.C. § 2254(d). The first exception occurs if the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Id.* The second exception applies if the state court judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* AEDPA therefore "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Accordingly, a federal court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Habeas relief is not appropriate unless each ground that supported the state court's decision is examined and found to be unreasonable under AEDPA. *See*

6

*Wetzel v. Lambert*, 565 U.S. 520, 525 (2012). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Indeed, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102–03.

## DISCUSSION

### A. Competency to Stand Trial and Related Ineffective Assistance of Counsel Claim

Petitioner's central claim is that she was improperly denied an evaluation of her competency to stand trial. This claim is intertwined with her claim for ineffective assistance of counsel because Petitioner presents trial counsel's allegedly deficient performance as "cause" for her failure to comply with Michigan's procedural rule requiring contemporaneous objections, and thereby to preserve her competency claim for appellate and federal habeas review.

The record shows that trial counsel raised the issue of Petitioner's competency to stand trial during a December 13, 2013 pretrial hearing and asked the court to issue an order referring her for evaluation. The

7

trial court found the request was untimely but nonetheless ordered an evaluation. ECF No. 8-5 at PageID.368–70. Petitioner, who was released on pretrial bond, failed on two occasions to report to the Forensic Center for her evaluation appointment. *See* ECF Nos. 9-2, 9-3. Because of this failure to appear for evaluation, during a January 31, 2014 pretrial hearing the trial court decided Petitioner had waived her request for a competency evaluation. ECF No. 8-6 at PageID.387. Petitioner has not presented any facts or law to demonstrate that these actions by the trial court constituted an abuse of its discretion. Moreover, Petitioner's trial counsel did not object to waiver. *Id.*

On direct appeal of Petitioner's conviction, the Michigan Court of Appeals found she had forfeited any claim related to her competency to stand trial. The court explained that "an issue must be raised, addressed, and decided by the trial court to properly preserve the issue for appellate review." *Floyd*, 2015 WL 9488418, at *6 (citing *People v. Metamora Water Serv., Inc.*, 276 Mich. App. 376, 382 (2007)). Specifically, the state appellate court determined that Petitioner's "contention of error for the failure of the trial court to assure the effectuation of such an order [was]

8

not preserved for appellate review since Floyd's attorney did not challenge the court's decision in the trial court." *Floyd*, 2015 WL 9488418, at *6.

Respondent now asserts that review of Petitioner's competency claim is procedurally barred from federal habeas review because the Michigan Court of Appeals relied on her failure to preserve the claim in the trial court as grounds for limiting review to whether "plain error" occurred. Respondent further contends that Petitioner has failed to demonstrate that her counsel's inaction in the trial court constituted ineffective assistance of counsel so as to excuse her default. The Court agrees.

"A petitioner who fails to satisfy state procedural requirements forfeits his right to present a habeas claim" in federal court. *Bickham v. Winn*, 888 F.3d 248 (6th Cir. 2018) (citing *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000)). A habeas petitioner procedurally defaults a claim if: "(1) the petitioner failed to comply with the state rule; (2) the state enforced the rule against the petitioner; and (3) the rule is an 'adequate and independent' state ground foreclosing review of a federal

9

constitutional claim." *Bickham*, 888F.3d at 251 (citing *Wills v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003)). The "adequacy" of a state procedural bar depends on whether the rule was "firmly established and regularly followed"; the procedural bar "is 'independent' if the state court actually relies on it to preclude the merits of review." *Aris v. Lafler*, 511 F. App'x 440, 446 (6th Cir. 2013) (quoting *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2004) (internal quotations added)).

Michigan's contemporaneous-objection rule requires parties "to raise objections at a time when the trial court has an opportunity to correct the error, which could thereby obviate the necessity for further legal proceedings." *People v. Grant*, 520 N.W.2d 123, 130 (Mich. 1994); Mich. R. Evid. 103(a) (providing that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected" and "a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context"). The Sixth Circuit has recognized that the contemporaneous-objection rule is firmly established and "regularly followed in Michigan," and therefore considered an adequate

ground foreclosing federal rule of a state prisoner's claim. *See Arias v. Lafler*, 511 F. App'x 440, 446 (6th Cir. 2013) (citing *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000)). Further, on direct appeal of Petitioner's convictions the Michigan Court of Appeals relied on Petitioner's failure to contemporaneously object to the trial court's withdrawal of the competency evaluation order in concluding that Petitioner had forfeited her competency claim. *See Floyd*, 2015 WL 9488418 at *6. Accordingly, the claim is now barred from review by this Court.[3] Similarly, because Petitioner did not move the trial court for a new trial or a *Ginther* hearing after her trial, the Michigan Court of Appeals determined her claim for ineffective assistance of trial counsel was "not properly reserved for appellate review." *Floyd*, 2015 WL 9488418, at *7.

A state prisoner who fails to comply with a state's procedural rule, such as the contemporaneous-objection rule at issue here, loses the right to subsequent federal habeas review unless she establishes cause for the

---

[3] Although a substantive competency claim cannot be waived, *Pate v. Robinson*, 383 U.S. 375, 384 (1966) ("it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial"), such a claim can nevertheless be procedurally barred from subsequent federal habeas review. *See Carruthers v. Mays*, 889 F.3d 273, 292 (6th Cir. 2018) (citing *Hodges v. Colson*, 727 F.3d 517, 540 (6th Cir. 2013)).

noncompliance, as well as actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784–85 (6th Cir. 1996). To establish cause, a petitioner must show that some external impediment frustrated her ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And she must present a substantial reason to excuse procedural default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available at the time. *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991).

Petitioner presents her ineffective assistance of counsel claim as cause that should overcome procedural default of her competency claim. But to demonstrate ineffective assistance of counsel, Petitioner "must show both that [her] counsel's performance was deficient and that the deficient performance prejudiced the defense." *Hodges*, 711 F.3d at 613 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To show

deficiency, Petitioner must establish that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Here, Petitioner has not shown that her counsel's failure to object to the trial court's order withdrawing the competency evaluation was deficient performance of her role as counsel such that Petitioner was essentially denied assistance of counsel, nor that she suffered actual prejudice as a result.

Moreover, Petitioner has not presented facts demonstrating that she was not competent to stand trial, and therefore has not shown actual prejudice. The test for a defendant's competency to stand trial is "whether [s]he has sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding — and whether [s]he has a rational as well as factual understanding of the proceedings against [her]." *Dusky v. United States*, 362 U.S. 402 (1960); *United States v. Denkins*, 367 F.3d 537, 547 (6th Cir. 2004) (quoting *United States v. Ford*, 184 F.3d 566, 580 (6th Cir. 1999)). The Sixth Circuit repeatedly has recognized "that 'even if [the defendant is] mentally ill, it does not follow that because a person is mentally ill [she] is not competent to stand

trial.'" *United States v. Dubrule*, 822 F.3d 866, 875-76 (6th Cir. 2016) (quoting *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (other internal citations omitted)). Further, the standard for requiring a competency hearing prior to trial or the entry of a guilty plea "is not merely whether extant evidence raises 'doubt' as to the defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt' as to a defendant's competence." *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004).

In petitioner's case, the only basis for requesting a competency evaluation apparent in the record is the Social Security Administration record indicating that Petitioner was receiving benefits "due to mental retardation." See ECF No. 9-4. That fact alone did not create a bona fide doubt as to Petitioner's competency. *Dubrule*, 822 F.3d at 875–76. Before trial, Petitioner was free on bond, living with her children, and maintaining steady employment. At no point during the trial court proceedings did defense counsel assert that her interactions with Petitioner raised a bona fide concern about competency. Counsel's only stated reason for the request for the referral was the notation on the

Social Security record. *See* ECF No. 8-4 at PageID.338. Further, while Petitioner did not testify at trial, her statement to police (which was admitted at trial) was logical, responsive, and coherent. See ECF No. 8-8 at PageID.657–660. Nothing in the trial record suggests a level of intellectual impairment that would raise a bona fide doubt as to Petitioner's competence to stand trial. Accordingly, she has not established that she suffered actual prejudice as result of her attorney's failure to object to the trial court's withdrawal of the competency evaluation order.

Additionally, because she has not demonstrated any bona fide doubt as to her competency at the time of trial, Petitioner is unable to rebut the presumption that counsel acted reasonably in not pressing the issue of her competency after Petitioner failed to attend scheduled competency evaluation appointments. *See Warren v. Lewis*, 365 F.3d 529, 533-34 (6th Cir. 2004). Accordingly, Petitioner has failed to demonstrate cause to excuse her procedural default. Nor has Petitioner established that any fundamental miscarriage of justice has occurred. The miscarriage of justice exception to the procedural default rule requires a

showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (citation omitted). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. For these reasons, the Court finds that Petitioner's competency and related ineffective assistance of counsel claims are procedurally defaulted, and that she has not demonstrated good cause that would permit her to overcome the procedural default.

**B. Restitution and Court Costs**

Petitioner's fourth and fifth claims challenge the trial court's imposition of an order of restitution and court costs. These claims are not cognizable because they do not pertain to her imprisonment and therefore fall outside the scope of federal habeas review. *See Michaels v.*

*Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012) (rejecting argument that petitioners could challenge fines imposed by the state courts under § 2254); *Washington v. McQuiggin*, 529 F. App'x 766, (6th Cir. 2013) (noting that "[i]n general, fines or restitution orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim"). Because Petitioner's claims regarding restitution and court costs are not reviewable by this court, they are denied.

## C. Certificate of Appealability and Permission to Appeal in Forma Pauperis

To appeal this Court's denial of her habeas petition, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requires Petitioner to demonstrate that reasonable jurists could disagree about whether this Court appropriately adjudicated her habeas petition, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a

ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, reasonable jurists would not debate whether the petition should have been resolved in a different manner because Petitioner's claims are procedurally defaulted or devoid of merit. The Court will therefore deny a certificate of appealability.

The Court will, however, grant permission to appeal in forma pauperis because an appeal of this decision can be taken in good faith. 28 U.S.C. § 1915(a)(3).

## CONCLUSION

The Court hereby **DENIES** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability, and **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: April 12, 2019     s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 12, 2019.

                                          s/A. Chubb
                                          Case Manager